UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| N. Kurt Wiebusch, | ) | CASE NO. 1:13 CV 1356 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| City of Cleveland, Ohio Civil Service | ) | |
| Commission, | ) | (Resolves Doc. 7) |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff N. Kurt Wiebusch filed this action under 42 U.S.C. § 1983 against Defendant City of Cleveland, Ohio Civil Service Commission. In the complaint and amended complaint, Plaintiff alleges that his constitutional rights were violated when he was not given proper notice and a meaningful opportunity to be heard following his termination. Defendant has moved to dismiss the complaint, alleging that there are six distinct bases for dismissal. Doc. 7. Plaintiff has timely opposed the motion. The Court finds the motion well taken. The complaint is hereby DISMISSED.

I.   **Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P.

12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D.Ohio.1997). Defendant facially attacks subject matter jurisdiction, and this Court therefore must accept the Plaintiff's material allegations in the Complaint as true. *Ritchie*, 15 F.3d at 598. Plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

The Sixth Circuit stated the standard for reviewing a motion to dismiss under Rule 12(b)(6) in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir.2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the Plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the Plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the Complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quotations and emphasis omitted).

### III.  Analysis

#### A.  Rooker Feldman

Defendant asserts that the Court is without jurisdiction to consider the claims asserted in this action. Defendant claims that Plaintiff asks this Court to review and reverse orders that were issued against him in the state court and state administrative agencies and argues that this Court is without jurisdiction to conduct a review of those judgments and decisions. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by

appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562 *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

Rooker-Feldman is a doctrine with only limited application. In both the *Rooker* and *Feldman* cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79. Significantly, the *Feldman* Court reasoned that the plaintiffs could challenge the state rules themselves in federal court on constitutional grounds; such a challenge would not be asking the district court to exercise appellate authority over a state court, but normal preclusion rules would still apply. *Id.* at 487-88; *see Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 435-36 (6th Cir.2006). (discussing the Supreme Court's analysis in the *Rooker* and *Feldman* cases more extensively). The source of the plaintiffs' alleged injury, then, was dispositive in *Feldman*.

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the Supreme Court again reiterated that the Rooker-Feldman doctrine applied only to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not replace the preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions. *Exxon Mobil*, 544 U.S. at 284.

It is clear on the face of the complaint that Plaintiff directly attacks the state court judgments in this matter. He challenges factual findings made during those proceedings and contends that the process did not grant him a meaningful opportunity to present evidence and argument. In so doing, he effectively asks this Court to overrule and find error in those decisions. Such a result is specifically precluded by the Rooker-Feldman doctrine.

### B. Res Judicata

Furthermore, even if this Court were to find that Rooker-Feldman did not preclude hearing this matter, Defendant is further correct that the claim plead by Plaintiff in this complaint is barred by res judicata. The issues that Plaintiff seeks to litigate are precisely the same issues he raised and lost during the state administrative and state judicial proceedings. Those issues may not be relitigated between the same parties simply by virtue of filing in a new forum. Accordingly, res judicata serves as an alternative reason to dismiss the complaint.

### C. Remaining Arguments

At this time, the Court finds no need to examine the remaining arguments in support of dismissal, having concluded that the above two reasons both warrant dismissal.

## IV. Conclusion

Defendant's motion to dismiss is GRANTED. The complaint is hereby DISMISSED.

IT IS SO ORDERED.

Date: September 11, 2013   /s/ *John R. Adams*
                            JOHN R. ADAMS
                            UNITED STATES DISTRICT JUDGE